IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, | ) |
| Plaintiff | ) Case No. 1:19-cv-00245 (Erie) |
| vs. | ) |
| ERIE COUNTY PRISON, LT. STEVENS, AMANDA HOLBY, AMBER, CHAFFEE, MEDICAL DIRECTORER JANE DOE, WEXFORD HEALTH SERVICES, | ) RICHARD A. LANZILLO ) UNITED STATES MAGISTRATE JUDGE ) ) OMNIBUS OPINION AND ORDER ON ) ON PLAINTIFF'S MOTION FOR ) TEMPORARY RESTRAINING ORDER |
| Defendants | ) AND OTHER PENDING MOTIONS ) ) ECF NO. 49 ) ECF NO. 50 ) ECF NO. 53 ) ECF NO. 54 |

This omnibus order resolves four motions (ECF Nos. 49, 50, 53, and 54) that Plaintiff Jhen Scutella (Scutella) has filed at this case number. The Parties have consented to the jurisdiction of a United States Magistrate Judge in this case, including the entry of final judgment. ECF No. 28; ECF No. 32. *See also* 28 U.S.C. § 636(c)(1).

I.  Introduction

Scutella's pro se Complaint in this action alleges that the Defendants were deliberately indifferent to his serious dental condition while he was incarcerated in the Erie County Prison. ECF No. 5. *Id.* The Defendants have filed motions to dismiss, which are currently pending. *See* ECF No. 30; ECF No. 38. This Court granted Scutella injunctive relief, ordering the prison to provide Scutella with appropriate dental care. *See* ECF No. 46. Subsequently, Scutella filed another motion for injunctive relief (ECF No. 50), a motion to transfer evidence (ECF No. 49), a motion for

1

extension of time to respond to the motions to dismiss (ECF No. 53), and a motion for sanctions (ECF No. 54). Each motion is addressed below.

II.     Motion for Temporary Restraining Order – ECF No. 50

Scutella filed a motion seeking a temporary restraining order on February 14, 2020. ECF No. 50. He first states that Deputy Warden Holman has threatened to "write him up" if he files grievances. *Id.* at p. 1. Scutella then alleges that he did indeed file a grievance on February 12, 2020, but that instead of receiving a response to his grievance, a Lt. Amis "spoke to me regarding a 3 way scheme which I had no clue about nor did I complain about having my pin stolen." *Id.* Scutella further alleges that he was taken to the Restricted Housing Unit (RHU) "for making 3 way calls months prior to February 5 as retaliation for filing this lawsuit." *Id.* Scutella claims that this limited his access to courts, his legal materials, and prevented him from responding to deadlines imposed by this Court. *Id.* He asks for a hearing and a restraining order "against Deputy Warden Holman," "an extension of time on both civil suits until he is released from prison," and "immediate release from RHU." *Id.*

This motion for a temporary restraining order is denied because Deputy Warden Holman is not a party to this lawsuit and, therefore, the Court cannot order injunctive relief against him. "A non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." *Elliott v. Kiesewetter*, 98 F.3d 47, 56 (3d Cir.1996) (quoting Fed. R. Civ. P. 65)). Moreover, injunctive relief would not be warranted because Scutella will not suffer any irreparable harm. He is free to pursue a separate legal action against the Deputy Warden wherein he can seek appropriate relief. *See, e.g., Williams v. Lackawanna Cty. Prison*, 2014 WL 3507296, *3 (M.D. Pa. July 14, 2014). Finally, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive

2

relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint."
*James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *Id.* (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A request for injunctive relief must, therefore, be dismissed if "the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). Here, the matters of which Scutella complains in his instant motion are not of the same character as those that are the subject of his Complaint. Therefore, Scutella's request for a temporary restraining order is DENIED.

III.   Motion to Transfer Evidence – ECF No. 49

Scutella has filed a "Motion to Transfer Evidence." He asks the Court to transfer evidence he filed in another case number ("Exhibit F," filed in case number 1:19-cv-168) to this action. ECF No. 49, p. 1. The motion is DENIED. "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). If Scutella wishes this Court to consider exhibits at this case number, he must file them anew, and not ask that evidence from one case be transferred to this one.

IV.   Motion to Extend Time and Request for Evidence – ECF No. 53

Scutella has filed a motion seeking an extension of time to file a "sur-reply" brief until such time as he is released and can use his home computer. ECF No. 53, p. 1. The Court construes this motion as one seeking an extension of time to file a response in opposition to the Defendants' motions to dismiss. Such response was due on or before March 5, 2020, and as of this date has not

3

been filed. *See* ECF No. 44. The motion for extension of time is GRANTED in part and DENIED in part. The Court will grant Scutella a 20-day extension to respond to the motions to dismiss. His response in opposition to the motions is now due on or before Wednesday, March 25, 2020. Scutella's request for an extension until he is released from the Erie County Prison is DENIED.

V. Motion for Sanctions – ECF No. 54

Scutella has filed a Motion for Sanctions, which again complains of the purported actions of Deputy Warden Holman that allegedly prevented him from filing grievances. ECF No. 54, p. 1. As noted above, Holman is not a party to this action. Such motions lodged against a non-party are without effect. *See Daniek v. Duda*, 2016 WL 4445677, *2 (D.N.J. Aug. 17, 2016). Therefore, this motion is DENIED.

VI. Order

The Court orders as follows:

1. Plaintiff's Motion for a Temporary Restraining Order (ECF No. 50) is DENIED.
2. Plaintiff's Motion to Transfer evidence (ECF No. 49) is DENIED.
3. Plaintiff's Motion for Extension of Time (ECF No. 53) is GRANTED in part and DENIED in part. Plaintiff's Response in Opposition to the Motions to Dismiss is now due on or before Wednesday, March 25, 2020.
4. Plaintiff's Motion for Sanctions (ECF No. 54) is DENIED.

Ordered and entered this 10th day of March, 2020.

RICHARD A. LANZILLO
United States Magistrate Judge