IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JHEN SCUTELLA, | ) | |
| Plaintiff | ) ) ) | Case No. 1:19-cv-00245 (Erie) |
| vs. | ) ) | RICHARD A. LANZILLO |
| ERIE COUNTY PRISON, ET AL., | ) ) | UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) ) ) | O R D E R ON ECF NO. 64 |

I.      Introduction

Defendants Erie County Prison (ECP), Amber Chaffee and Lieutenant Jason Stevens (collectively, ECP Defendants) have designated a video recording as "confidential" pursuant to a protective order (ECF No. 65) entered by the Court on April 7, 2020. The video records an August 16, 2019 conference among Plaintiff Jhen Scutella, Lieutenant Stevens, Ms. Chaffee, and nurses Heidi Karash and Amanda Holby during which they discussed Scutella's request for additional dental treatment of an impacted wisdom tooth while he was incarcerated at the ECP, as well as his grievance rights with respect to the denial of that request. Under the protective order, the ECP Defendants' designation restricts disclosure and use of the video. The protective order, however, expressly authorizes any party to challenge a confidentiality designation. Scutella has filed a motion challenging the ECP Defendants' designation of the video as confidential and compelling its production. (ECF No. 64).

The Court is familiar with the video at issue as the ECP Defendants previously submitted it to the Court in support of a motion to dismiss Scutella's Complaint. See ECF No. 30. The ECP Defendants previously allowed Scutella to view the video but refused to provide him with a copy absent a protective order restricting its disclosure. The Court heard argument on Scutella's motion

1

on April 13, 2020. For the reasons discussed below, the Court will grant Scutella's motion and direct that the video be removed from the confidentiality restrictions of the protective order.

II.  Discussion

In *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019), the Court of Appeals for the Third Circuit explained that "three distinct standards" apply to "challenges to the confidentiality of documents": (1) the factors articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–92 (3d Cir. 1994) apply to orders preserving the confidentiality of discovery materials pursuant to Federal Rule of Civil Procedure 26; (2) "the more rigorous common law right of access," including "a presumption in favor of public access," applies when discovery materials have been filed as court documents; and (3) "the First Amendment right of public access attaches to, *inter alia*, civil trials." *Id.* at 670 (additional citations omitted).

   a.  Rule 26 and the *Pansy* Factors

Federal Rule of Civil Procedure 26(c) permits a district court to enter a protective order "to shield a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 670-71 (quoting Fed. R. Civ. P. 26(c)(1)). "A protective order is 'intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings.'" *Id.* at 671 (quoting *Pansy*, 23 F.3d at 786). "A protective order may apply to all litigation materials—not just those filed in court—because '[c]ourts have inherent power to grant orders of confidentiality over materials not in the court file.'" *Id.* (quoting *Pansy*, 23 F.3d at 785). In *Pansy*, the Court of Appeals directed that a district court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Pansy*, 23 F.3d at 787. The ultimate burden, however, is upon the party seeking a protective order to show "good cause" for its issuance. *In re Avandia*, 924 F.3d at

2

671 (citations omitted). "Good cause means 'that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (citing *Pansy*, 23 F.3d at 786) (additional citation omitted).

The Court of Appeals has identified several factors, "which are neither mandatory nor exhaustive," that courts may consider when determining whether good cause exists for a protective order:

1. whether disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3. whether disclosure of the information will cause a party embarrassment;

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefitting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (*citing Pansy*, 23 F.3d at 787–91).

The subject matter of the present action is likely to involve the production of documents and materials warranting confidentiality protection under the foregoing factors. For example, certain records may include information concerning inmates and personnel who are not parties to this action and concerning which they have a right to privacy. In addition, certain procedures within the ECP may implicate security matters the disclosure of which could undermine the safety of ECP personnel or other inmates. The Court finds, however, that neither these privacy and security considerations nor any other factors recognized by the Court in *Pansy* or *Glenmede* support nondisclosure of the video at issue in this case. Although the video addresses Scutella's medical

3

diagnosis, he has expressly waived any possible privacy objection by seeking its disclosure. The Court also finds nothing "private" or "confidential" regarding the portion of the video discussing what medical conditions ECP personnel consider serous enough to warrant outside assessment or treatment. Indeed, this is information concerning which the public has a significant interest. Likewise, the portion of the video addressing what ECP personnel consider to be properly subject to the prison grievance process is information that inmates and others have a right to know.

    b.   Common Law Right of Access to Judicial Materials

Any doubt regarding the need to overrule the ECP Defendants' designation of the video as confidential and to compel its production evaporates when the Court considers the public's common law right of access to judicial materials. Although the ECP Defendants did not file the video on the docket of this case, they submitted it to the Court expressly in support of their request for the dismissal of Scutella's claims. Whether the common law right of access applies to a particular document or record "turns on whether that item is considered to be a 'judicial record.'" *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001). A "judicial record" is a document that "has been filed with the court ... *or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.*" *Id.* (emphasis added). Once a document becomes a judicial record, a presumption of access attaches. *Avandia*, 924 F.3d at 672 (citing *In re Cendant*, 260 F.3d at 192–93). The ECP Defendants cannot expect the Court to consider evidence upon which they rely while denying public disclosure of that evidence. This Court is not a Star Chamber. It is part of the judicial authority of the United States in which the public is asked to place its faith and confidence that decisions will be based on fairness and transparency. That faith and confidence demands a presumptive right of access to the filings and other submissions we consider that can be overcome

only if a party demonstrates that public disclosure will result in "a clearly defined serious injury." *Id.* The Court finds that no such serious injury is threatened by disclosure of the video at issue.[1]

III. Conclusion

For the reasons discussed above, Plaintiff's Motion to Compel is **GRANTED**. The confidentiality designation applied to the video recording of August 16, 2019 is removed and the video shall be produced without the restrictions of the protective order entered on April 7, 2020.

Entered and Ordered this 13th day of April, 2020.

RICHARD A. LANZILLO
United States Magistrate Judge

---

[1] Because the Court concludes that the common law right of access is sufficient, the First Amendment right of public access to summary judgment records need not be discussed. *See Avandia*, 924 F.3d at 673, 680 (declining to extend the First Amendment right of public access to summary judgment records when the common law right of access is sufficient, and noting that if a district court determined that any documents should remain sealed under the right of public access, that court must then consider whether the First Amendment right attaches). *See also Cutsforth, Inc. v. Lemm Liquidating Company, LLC*, 2020 WL 772442, *1 (W.D. Pa. Feb. 18, 2020) (citing *Avandia, supra.*).