IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JHEN SCUTELLA, | ) |
|     Plaintiff | ) Case No. 1:19-cv-245 (Erie) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| ERIE COUNTY PRISON, et al., | ) UNITED STATES MAGISTRATE JUDGE |
|     Defendants | ) MEMORANDUM OPINION AND |
| | ) ORDER ON DEFENDANTS' MOTIONS |
| | ) TO DISMISS |
| | ) |
| | ) ECF NO. 30 |
| | ) ECF NO. 38 |

Pro se Plaintiff Jhen Scutella (Scutella) has sued the Erie County prison, prison officials, and prison health care providers, alleging violations of his Eighth Amendment rights. ECF No. 5 (Complaint). All Defendants have moved to dismiss or, in the alternative, for summary judgment. ECF No. 30; ECF No. 38.

I.    Procedural History

When Scutella commenced this action, he was an inmate incarcerated at the Erie County prison (ECP) in Erie, Pennsylvania. ECF No. 3 (IFP application).[1] His Complaint alleged that ECP personnel were deliberately indifferent to his serious dental condition, thereby violating his rights under the Eighth Amendment to the Constitution. ECF No. 5, p. 2. Scutella asked for equitable relief in the form of an injunction directing ECP personnel to refer him to an oral surgeon or other

---

[1] Scutella filed a Change of Address notification with the Court on March 3, 2020. ECF No. 59. Based on that notification, Scutella is no longer incarcerated at the Erie County Prison.

professional with the equipment and qualifications necessary to assess and, if necessary, treat his condition. *See* ECF No. 46, p. 1.

The Court conducted an evidentiary hearing during which Scutella testified. *Id.* Affidavits from Dr. Merski, and ECP Deputy Warden Holman were also entered into the record as were Scutella's ECP dental records. *Id.* Based on that evidence, the Court determined that Scutella was entitled to injunctive relief. *Id.* The Court ordered the Defendants to "schedule a consultation with an oral surgeon or other appropriate specialist and arrange necessary transportation for Scutella to that consultation." *Id.*, p. 13. The Defendants were also ordered to file a status report with the Court within three weeks to apprise the Court of the status of their compliance with the order. *Id.* The Defendants complied with the order, notifying that Court that "[o]n February 12, 2020, the Erie County Prison transported Plaintiff to and from an appointment with Dr. Jeffrey P. Miller at Quad County Oral & Maxillofacial Surgery in Butler, Pennsylvania." ECF No. 51, p. 2.

Irrespective of this Court's order granting Scutella injunctive relief, motions to dismiss the underlying Complaint remain pending. Defendants ECP, Chaffee and Stevens have filed a motion to dismiss, ECF No. 30, and Defendants Wexford Health Services (Wexford), Holby and Bhatti (first identified as "Jane Doe") filed a separate motion seeking dismissal, ECF No. 38. Both sets of Defendants move, in the alternative, for summary judgment. ECF No. 30; ECF No. 38. Scutella filed a single document, responding to both Defendants' motions. ECF No. 62. The matter is now ready for disposition.

III. Legal Standards

    A.    Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not deciding whether a plaintiff is likely to prevail on the merits;

instead, a plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint should only be dismissed under Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff in making this determination. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated these three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded

3

> factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

  B.  Pro Se Pleading Standards

  Although Scutella is now represented by counsel, all of Scutella's pleadings and other submissions were filed when he was proceeding pro se.[2] For that reason, the Court will review those filings consistent with the lenient standards for pro se filings described in *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and its progeny. A filing from a pro se litigant is to be "liberally construed" and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89. 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 206 (1976)). Additionally, when considering a motion in a pro se plaintiff's case, a court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran's Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Despite this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a District Court is dismissing a claim under Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must sua sponte "permit a curative

---

[2] *See* ECF No. 69, entry of appearance of John F. Mizner, Esq.

amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

        C.      Conversion of a Motion to Dismiss into a Motion for Summary Judgment

The Defendants ask the Court, as an alternative to dismissing the case, to grant summary judgment. They repeatedly reference documents attached to and relied on in support of their motions to dismiss, including Scutella's dental records. *See, e.g.*, ECF No. 30-1 through ECF No. 30-6, inclusive; ECF No. 39-1, 39-2. Ordinarily, such documents cannot be examined by a District Court at the motion to dismiss stage because a court "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Meyer v. Delaware Valley Lift Truck, Inc.*, 392 F. Supp. 3d 483, 489 n.2 (E.D. Pa. 2019) (quoting *Myer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)). This rule ceases to apply, however, if a court "converts" the motion to dismiss into a motion for summary judgment, as permitted by Federal Rule of Civil Procedure 12(d). To convert the motion, a court must ensure that "the materials submitted require conversion" and that "the parties ha[ve] adequate notice of the ... court's intention to convert." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Nevertheless, the decision to convert is entirely discretionary—the Court may simply disregard the extraneous materials and treat the motion to dismiss as a motion to dismiss. *See, e.g., Zuber v. Boscov's*, 2018 WL 2086895, at *2 (E.D. Pa. 2018) (citing *Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992)). Here, the motion will not be converted, as a discretionary matter. Therefore, only materials properly presented on a motion to dismiss— namely, the Complaint itself—will be considered.

IV.    The Complaint

Scutella's Complaint is a model of brevity. It consists of two typed pages and sets out one claim. *See* ECF No. 5. Accepting, as the Court should, Scutella's allegations as true, the Complaint

relates that during the last week of July, 2019, Scutella began "experiencing pain in the left side of his jaw." *Id.*, ¶ 3. Scutella experienced similar pain years prior while he was incarcerated in a state penitentiary. *Id.* At that time, prison dentists told him he had an impacted wisdom tooth, which was ultimately extracted. *Id.* Dentists also explained to Scutella that he had another impacted wisdom tooth, but that it would not be removed because it was not causing him any discomfort. *Id.*

After reporting the tooth and jaw pain a week earlier, Scutella contacted Defendant Chaffee for a grievance form because it had been over a week and he had received no medical attention. *Id.*, ¶ 4. Defendant Holby then saw Scutella and placed him a list in order to see a dentist. *Id.* A dentist visits the prison weekly. *Id.* Holby told Scutella that the tooth likely would not be removed until he saw the dentist. *Id.* The following week, Scutella was seen by a dentist who recommended that the problematic tooth be x-rayed with better equipment than what was available at the prison. *Id.*, ¶ 5. After this consultation, Scutella informed Chaffee that he wished to file a grievance for his "medical situation." *Id.*, ¶ 6. Chaffee responded that "someone would speak" to Scutella. *Id.*, ¶ 7. Scutella met with prison counselors, Stevens, Holby and Chaffee on August 16, 2019. *Id.*, ¶ 8. At that time, Scutella was told that his dental diagnosis did not present a "life threatening" problem and "that there was nothing they could do and it was a nongrievable issue." *Id.*, ¶ 9. When Scutella filed this lawsuit ten days later, the prison had not yet addressed his dental complaints and his pain and suffering had not abated. *See* ECF No. 1.

Listed as Defendants are Amanda Holby, Amber Chaffe, Lt. Stevens, and Deputy Medical Director Jane Doe, who was later identified as Defendant Dr. Zahida Bhatti. ECF No. 5, ¶ 2. Scutella also named Wexford Health Services and the Erie County Prison as Defendants. *Id.* Stevens and Chaffee are employees of the prison while Holby and Bhatti are employed by Wexford

Health. *See generally,* ECF No. 31; ECF No. 39.³ In its lone count, the Complaint contends that the Defendants violated Scutella's rights under the Eighth Amendment to the Constitution. ECF No. 5, p. 2. By way of relief, Scutella requested "anything this court may deem appropriate," as well as $250,000.00 in compensatory and $250,000.00 in punitive damages. *Id.*

IV.   Discussion

    A.   Scutella's Complaint States a Claim under the Eighth Amendment

Both sets of Defendants ask that Scutella's Complaint be dismissed because it fails to state a claim of deliberate indifference under the Eighth Amendment. *See* ECF No. 31, p. 3; ECF No.39, p. 3. That argument misses the mark when this Court's prior order granting Scutella injunctive relief is taken into consideration.

There is some overlap between the standards governing temporary restraining orders and those for motions to dismiss. *See, e.g., Dipple v. Odell,* 870 F. Supp. 2d 386, 393 (E.D. Pa. 2012). For example, both standards involve some judicial screening of the sufficiency of a plaintiff's claims, although "[w]hen considering a motion for [injunctive relief] unlike a motion to dismiss, the Court need not accept as true the well-pleaded allegations in Plaintiff['s] complaint." *KDH Consulting Grp. LLC v. Iterative Capital Mgmt. L.P.,* 2020 WL 2554382, at *5 (S.D.N.Y. May 20, 2020) (citing *Victorio v. Sammy's Fishbox Realty Co.,* 2014 WL 7180220, at *4 (S.D.N.Y. Dec. 12, 2014)).

The standards are materially different, however. When reviewing motions for injunctive relief, the question is whether a plaintiff has established a "likelihood of success on the merits," so as to entitle them to a preliminary injunction or temporary restraining order. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008). *See also Int'l Refugee Assistance Project v. Trump,* 961 F.3d 635, 647 (4th Cir. 2020). In contrast, when deciding motions to dismiss,

---

³ The Court will refer to ECP, Chaffee and Stevens as "ECP Defendants" and Wexford Health, Holby, and Bhatti as "Wexford Defendants" where appropriate.

the question is whether the complaint states a plausible claim for relief. *See Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 514–15 (D. Md. 2019). Thus, the standard required to prevail on a motion for injunctive relief is higher than the standard necessary to overcome a motion to dismiss. *See McTerrell v. Koenigsmann*, 2019 WL 2511426, at *19 (W.D.N.Y. June 18, 2019) (citing *Oneida Grp. Inc. v. Steelite Int'l U.S.A. Inc.*, 2017 WL 6459464, at *8 (E.D.N.Y. Dec. 15, 2017) (noting that the standard required to prevail on a motion for a preliminary injunction "is higher than one to overcome a motion to dismiss"). *See also New Hope Family Servs., Inc. v. Poole*, 966 F.3d 145, 165 (2d Cir. 2020).

Here, given that Scutella has already succeeded in obtaining a temporary restraining order from this Court by demonstrating a likelihood of success on the merits, he has surpassed what was needed to successfully plead an Eighth Amendment violation. Thus, the Complaint will not be dismissed for failing to state a claim.[4]

B. Personal Involvement of Defendants Stevens and Chaffee

Defendants Stevens and Chaffee argue that Scutella's Complaint fails to allege their personal involvement in the alleged constitutional violations. ECF No. 31, p. 10. They argue that the Complaint "failed to specifically allege facts establishing, or facts upon which this Court may even infer" their personal involvement in the care—or lack thereof—which Scutella received for his dental ailment. *Id.* The Court disagrees.

Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct. *Noble v. Brady*, 2020 WL 3574667, at *4 (W.D. Pa. July 1, 2020) (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997) and *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged

---

[4] For this reason, the Court also rejects the ECP Defendants' contention that Scutella's Complaint should be dismissed as frivolous and malicious under the Prison Litigation Reform Act. *See* ECF No. 31, pp. 12-13.

wrongs" in order to be liable)). Without specific allegations that a defendant helped deprive the plaintiff of a constitutional right, dismissal is appropriate. *Id.* (citing *Mearin v. Swartz*, 951 F. Supp. 2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims under Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation)).

Here, Scutella's Complaint states that he wrote to Defendant Chaffee about his problematic wisdom tooth and that she responded that "someone would speak to me." ECF No. 5, ¶ 7. Further, the Complaint alleges that Chaffee and Stevens were both present at a meeting on August 16, 2019, at which they discussed Scutella's "medical situation," informed Scutella that his dental ailment was not "life threatening" and that "there was nothing they could do."[5] ECF No. 5, ¶ 8. Thus, Scutella has sufficiently alleged that these Defendants were directly involved in denying him dental treatment.

Scutella's claims against non-medical ECP Defendants Stevens and Chaffee also appear to be based on a delay in dental treatment that was grounded in their alleged personal knowledge of his need for treatment and their personal decisions not to fund such treatment adequately, resulting in non-medical reasons for his delay in receiving treatment. *See, e.g., Zehring v. Sorber*, No. 2020 WL 4059950, at *6 (E.D. Pa. July 18, 2020). For example, Scutella alleges that his tooth was not removed "do (sic) to financial restraints" and a lack of available staff. ECF No, 5, p. 2.

For certain, non-medical prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004), *see also Carter v. Smith*, 483 Fed. Appx 705, 708 (3d Cir. 2012) (per curiam) ("Prison officials cannot be held to be

---

[5] Despite this meeting to discuss Scutella's "medical situation," the Complaint does not identify ECP Defendants Stevens and Chaffee as medical providers or supervisors.

deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). Scutella's claims against these Defendants are different, however. His claims could be interpreted based on Stevens and Chaffee's administrative decisions to deny funding and resources for the provision of his medical treatment. As such, these claims are also sufficient for purposes of stating a claim for deliberate indifference. *See Zehring*, 2020 WL 4059950, at *6 (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 705 (11th Cir. 1985) (holding that prisoner stated a deliberate-indifference-due-to-lack-of-funding claim against non-medical defendants and county who were responsible for insuring that adequate funds were provided to meet the medical needs of inmates); *Gaines v. Choctaw Cty. Comm'n*, 242 F. Supp. 2d 1153, 1163 (S.D. Ala. 2003) (holding that allegation of deliberate indifference to serious medical needs arising from failure to fund medical care stated a claim under § 1983); *Cox v. Glanz*, 2011 WL 6740293, at *4 (N.D. Okla. Dec. 22, 2011) (holding that prisoner stated a § 1983 claim against non-medical defendant based on allegation that he understaffed the medical treatment facility for inmates and intentionally refused to provide adequate funding for the mental health treatment of inmates). Thus, at the motion to dismiss stage, this Court finds the allegations allege sufficient personal involvement of these Defendants.

   C. Personal Involvement of Defendants Holby and Bhatti

   For the same reasons, Scutella has sufficiently alleged the personal involvement of Defendants Holby and Bhatti. The Complaint alleges that Holby told Scutella that his tooth would "probably not be removed until he saw a dentist" and that she placed his name "on a list." ECF No. 5, ¶ 4. Further the Complaint alleges Holby and Bhatti took part in the meeting convened to discuss Scutella's "medical situation," and during which a decision was made to deny Scutella dental treatment. *Id.*, ¶ 8. Scutella also states that Defendant Bhatti specifically told him that the denial of dental treatment was a "non-grievable" issue. *Id.* Again, at this early stage of the proceedings, the

Complaint sufficiently alleges that Holby and Bhatti were personally involved in the purported unconstitutional denial of dental treatment. Thus, the claims against these Defendants will not be dismissed.

        C.      Erie County Prison is not a "person" for civil rights liability.

Next, Defendant Erie County Prison argues that it is not a "person" and therefore, cannot be held liable for constitutional violations through § 1983. ECF No. 31, p. 10. The Court agrees. Scutella's claims against ECP (and/or any of its departments) must be dismissed. The prison has no legal or corporate existence apart from Erie County itself. As a result, it is not subject to suit under § 1983. *Barnes v. Erie Cty. Prison Admin.*, 2020 WL 4450297, at *3 (W.D. Pa. Aug. 3, 2020) (citing *Lenhart v. Pennsylvania*, 528 Fed. Appx 111, 114 (3d Cir. 2013) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability [, the county prison] is not a person capable of being sued within the meaning of § 1983") (internal citations omitted). *See also Mincy v. Deparlos*, 497 Fed. Appx 234, 239 (3d Cir. 2012) (per curiam) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983); *Williams v. Dauphin Cty. Prison*, 2020 WL 3288179, at *2 (M.D. Pa. June 18, 2020). Thus, the claims as alleged against Defendant Erie County Prison will be dismissed, with prejudice.

        D.      Claims Construed Against Erie County Will Be Dismissed.

To the extent that Scutella is seeking to impose liability on Erie County itself, he must state facts that plausibly establish that an official policy, practice, or custom of the City was the "moving force" behind the alleged violation of his federal rights. *Barnes*, 2020 WL 4450297, at *3 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-90 (1989); *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691, (1978). He has not done so here. This Complaint simply does not make sufficient allegations which would permit a finding of institutional

liability. *See, e.g., Strawn v. Lebanon Cty. Corr. Facility*, 2019 WL 2489748, at *8 (M.D. Pa. Feb. 25, 2019), *report and recommendation adopted in part*, 2019 WL 1349777 (M.D. Pa. Mar. 26, 2019).

Therefore, because he has stated no plausible basis for imposing municipal liability on Erie County under §1983, Scutella's attempt to state a claim against the County will be dismissed. That said, it is not absolutely clear to the Court that Scutella could not overcome the pleading deficiency regarding his allegations of a municipal custom. Thus, the Court will provide him with one further opportunity to amend this claim in that regard. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

    E.    Claim for Specific Sum Damages violates Local Civil Rule 8.

Finally, all Defendants contend that Scutella's demand for $250,000 in compensatory damages and $250,000 in punitive damages against each named Defendant must be stricken from his Complaint based on Local Rule 8 of the Local Rules of Civil Procedure. *See* ECF No. 5, p. 2. The Defendants are correct. *See, e.g., Massey v. Holman*, 2019 WL 3997845, at *7 (W.D. Pa. July 23, 2019), *report and recommendation adopted*, 2019 WL 3997280 (W.D. Pa. Aug. 23, 2019), *motion for relief from judgment denied*, 2020 WL 2747600 (W.D. Pa. May 27, 2020). Local Rule 8 states that "[n]o party shall set forth in a pleading originally filed with this Court a specific dollar amount of unliquidated damages" except in certain circumstances which do not apply here. *See* LCvR 8. Scutella's demand for specific unliquidated damages must therefore be stricken. *Massey*, 2019 WL 3997845, at *7 (citing *Ramsier v. Allegheny County*, 2016 WL 890603, at *10 (W.D. Pa. Mar. 9, 2016) (invoking Local Rule 8 to strike plaintiff's demand for unliquidated damages).

V.     Conclusion

Defendant Erie County Prison's motion to dismiss will be granted. To the extent Scutella sought to state a claim against Erie County, the Court will provide Scutella with one further opportunity to amend his claim in that regard. Scutella may file an Amended Complaint within fourteen (14) days from the date of his order. The motions to dismiss as applicable to the remaining Defendants will be denied. An appropriate Order follows.

## ORDER

At Erie, Pennsylvania this 20th day of August 2020:

For the reasons stated in the foregoing Memorandum Opinion issued this same date, **IT IS HEREBY ORDERED** that Defendants Erie County Prison, Lt. Stevens, and Amber Chaffee's Motion to Dismiss (ECF No. 30) is **GRANTED in part** and **DENIED in part** as set out in the Court's accompanying Memorandum Opinion. For the same reasons, the Motion to Dismiss (ECF No. 38) filed by Defendants Wexford Health, Holby and Bhatti is **DENIED**. Scutella's claims for $250,000.00 in both compensatory and punitive damages are **STRICKEN** from the Complaint.

_____
RICHARD A. LANZILLO
United States Magistrate Judge